CV-23 4401

## SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   AUG 02 2013   ★

LONG ISLAND OFFICE

YEKUSIEL WEISS on behalf of himself and
all other similarly situated consumers

                            Plaintiff,

       -against-

CREDIT BUREAU OF NAPA COUNTY, INC.
D/B/A CHASE RECEIVABLES

                        Defendant.

MATSUMOTO, J.
AZRACK, M.

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Yekusiel Weiss seeks redress for the illegal practices of Credit Bureau Of Napa County, Inc. d/b/a Chase Receivables in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4.    The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

-1-

5. Upon information and belief, Defendant's principal place of business is located within Sonoma, California.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Yekusiel Weiss*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about August 14, 2012, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12. Said letter states the "Principal" balance as $251.19, "Collection Fee" as $45.21, and the "AMOUNT DUE" as $296.40.

13. The Defendant's statement in said letter of "Collection Fee" is a representation of an 18% collection fee.

14. The representation that 18% collection fees are owed violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692(f), and 1692f(1).

-2-

Seeger v. AFNI, Inc., 2006 WL 2290763 (E.D. Wis. Aug. 9, 2006). (FDCPA case

against AFNI, Inc. for adding a 15% fee to Cingular bills was certified to proceed is a

class action.), Seeger v. AFNI, Inc., 548 F.3d 1107 (7th Cir. 2008). (AFNI, Inc.'s

demand for an additional 15% collection fee violated § 1692f(1) since the charge was

not authorized by law or the underlying contract; applicable state law only permitted

such a recovery if the amount was actually incurred as an out-of-pocket cost of

collection and not, as attempted here, to unlawfully ''permit[ ] a third-party purchaser of

an account to recover its internal costs.''), See also. Shami v. National Enter. Sys., 2010

WL 3824151 (E.D.N.Y. Sept.23, 2010). (The court concluded that the complaint

sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2). The

complaint involved a collection letter including the language ''you can now pay by

automated phone system...or on the internet. Transaction fees will be charged if you use

the automated phone system or the internet to make payment on this account. You are

not required to use the automated phone system or the internet to make payment on this

account.'')

15.    Said letter violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692(f), and 1692f(1)

       for attempting to collect prohibited 18% collection fees.

16.    Defendant's letter also stated in pertinent part: "This letter is to inform you of a special

       offer to resolve your overdue account with our client. We apologize that a possible

       hardship or pitfall may have prevented you from satisfying your obligation. It is with

       this in mind that we would like to offer you a **limited time offer opportunity** to satisfy

       your outstanding debt." (emphasis added)

-3-

17.     The Defendant's letter then went on to state three different settlement options; OPTION

        1: "of **45% OFF** that must be received in this office on or before **AUGUST 30th,**

        **2012**," OPTION 2: "**35% OFF** that must be received in this office on or before

        **SEPTEMBER 15th, 2012**," and OPTION 3: "of **25% OFF** the first payment must be

        received on or about **AUGUST 30th, 2012** and the second by **SEPTEMBER 30th,**

        **2012.**"

18.     Defendant stated the above language in order to create a sense of urgency in Plaintiff

        and make him think he was under a non-existent deadline.

19.     Defendant's letter is misleading and deceptive in that its statements such as "limited

        time offer opportunity" and "that must be received in this office on or before" the above

        mentioned dates, imply a time deadline.

20.     Upon information and belief, there was no time deadline; rather, Defendant made these

        statements solely to create a false sense of urgency to the Plaintiff.

21.     At all times herein, Defendant's written communications to Plaintiff were false,

        deceptive, and misleading.

22.     Defendant violated 15 U.S.C. § 1692d of the FDCPA by harassing Plaintiff in

        connection with the collection of an alleged debt.

23.     Defendant violated 15 U.S.C. § 1692e of the FDCPA by using false, deceptive, or

        misleading representations or means in connection with the collection of a debt.

24.     Defendant violated 15 U.S.C. § 1692e(10) of the FDCPA by using a false representation

        or deceptive means to collect or attempt to collect a debt.

-4-

25.    Defendant violated 15 U.S.C. § 1692f of the FDCPA by using unfair or unconscionable

means to collect or attempt to collect a debt.

Section § 1692d provides that a debt collector "may not engage in any conduct the

natural consequence of which is to harass, oppress, or abuse any person in connection

with the collection of a debt." See 15 U.S.C. §1692d. The proper legal standard under §

1692d takes into consideration the fact that "[w]hether a consumer is more or less likely

to be harassed, oppressed, or abused by certain debt collection practices does not relate

solely to the consumer's relative sophistication." Courts instead use a standard analogous

to the least sophisticated consumer standard, which requires "claims under § 1692d

should be viewed from the perspective of a consumer whose circumstances makes him

relatively more susceptible to harassment, oppression, or abuse."

Sections 1692e and 1692e(10) prohibit the use of any false representation or deceptive

means to collect or attempt to collect any debt or to obtain information concerning a

consumer. This general prohibition is intended to cover the deceptive collection acts and

practices that do not fit the specific prohibitions given in the subsections of this section,

as it would be impossible for Congress to foresee and list every type of deceptive

collection misbehavior.

26.    In the context of settlement letters, many courts have held that settlement letters can be a

positive for both debt collectors and consumers. Nevertheless, in keeping with the

statutory requirements, collection agencies may not be deceitful in the presentation of

the settlement offer.[1] In <u>Goswami</u>, the Fifth Circuit was presented with a letter from the

defendant that stated that it could offer the plaintiff a 30% discount as long as it

responded within the next 30 days, even though the defendant had authority to offer the

discount for longer than the 30 days. Id. In reversing the district court's grant of

summary judgment in favor of the defendant, the Fifth Circuit held that:

> While we agree it is important to permit collection agencies
> to offer settlement, that policy consideration does not remove
> collection agencies' obligation under the FDCPA to deal in a
> non- deceitful manner. A collection agency may offer a
> settlement; however, it may not be deceitful in the presentation
> of that settlement offer, as [defendant] was in this case...[The
> defendant's] deception is actionable under the FDCPA and is
> not excused because it is part of a debt collector's settlement
> offer.

Id. at 495-95. Referring to the actual letter at issue in <u>Goswami</u>, the court determined

that for the following reasons, the defendant's letter was a violation of the FDCPA:

> The statement in the collection letter is untrue and makes it
> appear that [the original creditor's] offer of a 30% discount was
> a one-time, take-it-or-leave-it offer that would expire in thirty
> days. The obvious purpose of the statement was to push [the
> plaintiff] to make a rapid payment to take advantage of the
> purported limited time offer.

27.    Defendant's use of illusory and arbitrary deadlines was meant to deceive the Plaintiff to

make a prompt payment.

28.    Defendant claimed that the Plaintiff had a "limited time" to take advantage of the settle,

but upon information and belief, Defendant's deadlines are artificial. The Defendant

intended to give the false impression that if the consumer does not pay by the above

[1] <u>Campuzano-Burgos v. Midland Credit Management, Inc.</u>, 550 F.3d 294, 299 (3d Cir. 2008) citing <u>Goswami v. Am. Collections Enter.</u>, 377 F.3d 488, 496 (5th Cir.2004)).

-6-

mentioned dates, then the consumer will have no further chance to settle their debt for less than the full amount.

29.   Upon information and belief, the original creditor did not put any limitations on the time within which Plaintiff could accept an offer.  See. <u>DeGeorge v. Fin. Recovery Servs.</u>, 2012 U.S. Dist. LEXIS 140966, 19-20 (E.D. Pa. Sept. 27, 2012) (Stating "while the safe harbor language may ensure that the consumer will not perceive these letters as one-time offers, plaintiff alleges that the 35-day deadlines in the letters did not exist at all. Therefore, whether the least sophisticated consumer would perceive the [collection] letters as "one-time, take-it-or-leave-it" offers or as potentially renewable offers, each letter still contained false and misleading information because, as alleged by plaintiff, no deadline existed at all.)

30.   The inclusion of a deadline in a settlement offer itself does not violate the FDCPA. However, in order to act consistently with 1692e, the debt collector "may not be deceitful in the presentation of the settlement offer." [2]

Where a debt collection letter contains an offer to settle by a specified date and makes it appear therein that such offer is a "one-time, take-it-or-leave-it offer", when in fact the debt holder is prepared to make other offers after the expiration date, the letter contains a false statement in violation of the FDCPA.[3]  A letter that leaves a consumer with such a false impression violates 1692e because an unsophisticated consumer may think that if

---

[2] <u>Campuzano</u>, 550 F.3d at 299 (quoting <u>Goswami v. Am. Collections Enter.</u>, 377 F.3d 488, 496 (5th Cir. 2004)).
[3] <u>Dupuy v. Weltman, Weinberg & Reis Co.</u>, 442 F.Supp.2d 822, 828 (N.D.Cal. 2006); [19] see also <u>Goswami</u>, 377 F.3d at 496.

they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount.

See. DeGeorge v. Fin. Recovery Servs., 2012 U.S. Dist. LEXIS 140966, 19 (E.D. Pa. Sept. 27, 2012) (The court stated "In *Evory* ... [T]he Seventh Circuit held that if a collection letter contained the language, "We are not obligated to renew this offer", an unsophisticated consumer would not be misled because "even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured... The safe harbor language in *Evory* did not authorize debt collectors to present deadlines in collection letters that were in fact non-existent. Therefore, I conclude that plaintiff's allegations that the collection letters included false deadlines — even if those deadlines were presented as renewable offers — is sufficient to state a claim under 1692e" The court noted "Moreover, I conclude that misrepresentations concerning deadlines in a collection letter constitute material misrepresentations. Therefore, plaintiff has stated a claim under 1692e even if non-material, false representations do not violate the FDCPA.")

Section 1692f of the FDCPA provides that a debt collector may not use "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. Section 1692f then goes on to enumerate eight particular practices which are unfair or unconscionable. However, § 1692f is not limited by this list of eight practices, and prohibits all unfair or unconscionable conduct on the part of a debt collector. Reed v. Pinnacle Credit Services, LLC, 2009 WL 2461852 (E.D. Pa. Aug. 11, 2009.) ("The list

-8-

of § 1692f violations found in the subsections are non-exhaustive") (internal citations and quotations omitted).

A claim under FDCPA provision prohibiting debt collector from "using unfair or unconscionable means to collect or attempt to collect any debt" should be viewed through lens of the "least-sophisticated consumer."

31.    Defendant's conduct in the current case is not specifically enumerated in the subsections of § 1692f; however, its statements such as "limited time offer opportunity" and "that must be received in this office on or before" the above mentioned dates which implied a nonexistent time deadline and created a false sense of urgency to Plaintiff is still a violation of 15 U.S.C. § 1692f, as it was unfair and unconscionable.

32.    The clear intention of the said August 14, 2012 letter is to pressure Plaintiff to come up with money in order to take advantage of the settlement offers before the illusory misleading deadlines run out.

33.    Defendant's August 14, 2012 letter violated 15 U.S.C. §§ 1692d, 1692e 1692e(10), and 1692f for engaging in deceptive, misleading, and unfair practices.

## AS AND FOR A FIRST CAUSE OF ACTION
***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.***

34.    Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty three (33) as if set forth fully in this cause of action.

35.    This cause of action is brought on behalf of Plaintiff and the members of two classes.

36.    Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter; (a) bearing the Defendant's letterhead

in substantially the same form as the letter sent to the Plaintiff, sent within one year prior

to the date of the within complaint; (b) the collection letter was sent to a consumer

seeking payment of a consumer debt purportedly owed to VERIZON WIRELESS-

NORTHEAST; and (c) the collection letter was not returned by the postal service as

undelivered; and (d) the Plaintiff asserts that the letter contained violations of 15 U.S.C.

§§ 1692e, 1692e(2)(A), 1692e(5), 1692(f), and 1692f(1).

37.     Class B consists of all persons whom Defendant's records reflect resided in the State of

New York and who were sent a collection letter, (a) bearing the Defendant's letterhead

in substantially the same form as the letter sent to the Plaintiff, sent within one year prior

to the date of the within complaint; (b) the collection letter was sent to a consumer

seeking payment of a personal debt purportedly owed to VERIZON WIRELESS-

NORTHEAST; and (c) the collection letter was not returned by the postal service as

undelivered; and (d) the Plaintiff asserts that the letter contained violations of 15 U.S.C.

§§ 1692d, 1692e 1692e(10), and 1692f for engaging in deceptive, misleading, and unfair

practices.

38.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and

preferable in this case because:

   (a) Based on the fact that a form collection letter is at the heart of this litigation, the

       class is so numerous that joinder of all members is impracticable.

   (b) There are questions of law and fact common to the class and these questions

       predominate over any question(s) affecting only individual class members. The

principal question presented by this claim is whether the Defendant violated the FDCPA.

    (c) The only individual issue involves the identification of the consumers who received such collection letters (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

    (d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

    (e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

39.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

40.    If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

41.     Collection attempts, such as those made by the Defendant are to be evaluated by the

        objective standard of the hypothetical "least sophisticated consumer."

                    ***Violations of the Fair Debt Collection Practices Act***

42.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt

        Collection Practices Act.

43.     Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff

        and the members of the class are entitled to damages in accordance with the Fair Debt

        Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and

against the Defendant and award damages as follows:

        (a)     Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

                And

        (b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

        (c)     Any other relief that this Court deems appropriate and just under the

                circumstances.

                        Dated: Cedarhurst, New York
                               August 1, 2013

                        Adam J. Fishbein, P.C.  (AF-9508)
                        Attorney At Law
                        **Attorney for the Plaintiff**
                        483 Chestnut Street
                        Cedarhurst, New York 11516
                        Telephone (516) 791-4400
                        Facsimile (516) 791-4411


                                -12-

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

-13-

1247 Broadway
Sonoma, CA 95476

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

PERSONAL & CONFIDENTIAL

Return Service Requested

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

YEKUSIEL WEISS  06219138-EA VZ
1369 41ST ST
BROOKLYN, NY 11218-3505

**CHASE RECEIVABLES**
A Professional Collection Agency
800-622-0484

**August 14, 2012**

Send payments/Correspondence To:
Chase# 06219138-EA   VZ
Chase Receivables
1247 Broadway
Sonoma, CA 95476

IMPORTANT: TO RECEIVE PROPER CREDIT BE SURE TO ENCLOSE THIS PORTION WITH YOUR PAYMENT

Office Handling Your Account:
Office Hours:
PLEASE CALL BETWEEN
Monday-Friday 6:00am to 6:30pm PST
Saturday 6am to 2:30pm PST

CREDITOR: VERIZON WIRELESS-NORTHEAST
CREDITOR ACCT#: 038661218400001
ACCT#: 06219138
Principal:$ 251.19
Collection Fee:$ 45.21
AMOUNT DUE: $296.40

Dear YEKUSIEL WEISS,

This letter is to inform you of a special offer to resolve your overdue account with our client. We apologize that a possible hardship or pitfall may have prevented you from satisfying your obligation. It is with this in mind that we would like to offer you a limited time offer opportunity to satisfy your outstanding debt. We are presenting four options that will enable you to avoid further collection activity being taken against you.

OPTION 1: A settlement of 45% OFF of your current balance, **SO YOU ONLY PAY $163.02 in ONE PAYMENT** that must be received in this office on or before **AUGUST 30th, 2012**.

OPTION 2: A settlement of 35% OFF of your current balance, **SO YOU ONLY PAY $192.66 in ONE PAYMENT** that must be received in this office on or before **SEPTEMBER 15th, 2012**.

OPTION 3: A settlement of 25% OFF of your current balance, **SO YOU ONLY MAKE TWO PAYMENTS OF $111.15 EACH** the first payment must be received on or before **AUGUST 30th, 2012** and the second by **SEPTEMBER 30th, 2012**.

OPTION 4: Monthly payment plan on full balance.

If you are interested in taking advantage of one of these terrific opportunities or if you have any questions, you MUST contact our office as soon as possible at 800-622-0484 (toll free). When you call, please let your representative know that you have received the CHASE Receivables Option Letter and tell us whether you would like to take advantage of the SETTLEMENT OPTION or the PAYMENT Option.

If we do not hear from you, we are forced to assume that you do not intend to resolve your obligation on a voluntary basis and we will recommend that our client proceed with further collection activity.

Sincerely,

Chase Receivables

**You have 6 easy payment options:**

1. Send us a check-Make all checks payable to VERIZON WIRELESS-NORTHEAST and send to the payment address above.
2. Pay via a Credit Card. ($14.95 fee where applicable)
3. Pay via Western Union.
4. Pay via the web www.chaserec.com/paymethod.php PIN# 52606. *
5. Call us at the number shown above and one of our representatives will be happy to assist you!
6. Electronic Check Payments can be done over the phone ($9.95 fee where applicable)
* Selecting this option enables you to make a payment 24 hours a day, 7 days a week - and you do not need to speak to a representative.

THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A COLLECTION AGENCY.

New York City Department of Consumer Affairs license number 1016382

1153

CHR154-0813-261841342 4367